McDonald, j.
| gIn this case, pursuant to a stipulated judgment, a minor child resided with her paternal grandfather, and the minor child’s mother made monthly child support payments to the paternal grandfather.
On September 21, 2009, Debra Arlene Soulier (Ms. Soulier), the mother of the minor child, Candace Soulier (Candace), filed suit against the paternal grandfather (her former father-in-law), Warren Soulier, Sr. (Mr. Soulier), asserting that Mr. Soulier was unjustly enriched by her child support payments of $400.00 per month between December 18, 2007, and December 15, 2008. Ms. Soulier asserted that she stopped the support payments in December of 2008 because Candace had turned 19. Ms. Soulier asserted that Candace had moved in with Ms. Soulier’s brother on December 18, 2007, without Ms. Soulier’s knowledge, and stayed with him through her 19th birthday (December 22, 2008); thus, she asserted that Mr. Soulier had not used the child support payments for the support of Candace for that one-year period and he had been unjustly enriched by her payments. Ms. Soulier prayed for the return of the $4,800.00 in child support payments for that time period, as well as interest from date of judicial demand, and costs.
Mr. Soulier denied the claims, and the matter was set for trial. After trial on the merits, the trial court ruled in favor of Ms. Soulier and against Mr. Soulier, and ordered Mr. Soulier to pay Ms. Soulier $2,400.00 (one-half of the payments at issue), plus legal interest from date of judicial demand until paid, and ordered that each party pay their own court costs.
Mr. Soulier is appealing that judgment, and argues that the remedy of unjust enrichment is not available because Louisiana Civil Code article 142 specifically pro *391 vides a remedy for this situation, as it allows for the modification or termination of child support awards.
|sWe agree. Louisiana Civil Code article 2298 provides in part:
A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term “without cause” is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule. (Emphasis added.)
Louisiana Civil Code article 142 provides that an award of child support may be modified if the circumstances of the child or of either parent materially change and shall be terminated upon proof that is has become unnecessary. Ms. Soulier’s remedy was to have the child support award modified or terminated, which she tailed to do. Therefore, the trial court committed legal error in its award to Ms. Soulier.
Thus, the August 17, 2010 judgment of the trial court is reversed. Costs are assessed against Ms. Soulier.
REVERSED.